IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS COOKS, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>OVATIONS FOOD SERVICES LP, d/b/a SPECTRA FOOD SERVICES HOSPITALITY,<br><br>      Defendant. | Civil Action No. 2:23-cv-01858<br><br>Hon. J. Nicholas Ranjan, U.S.D.J.<br><br>**ELECTRONICALLY FILED** |

## AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, PARIS COOKS ("Plaintiff"), on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b), files this Amended Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, OVATIONS FOOD SERVICES LP, d/b/a SPECTRA FOOD SERVICES HOSPITALITY ("Defendant"), and alleges:

## INTRODUCTION

1. Defendant, Ovations Food Services LP d/b/a Spectra Food Services & Hospitality ("Ovations") is a food and beverage hospitality company that is headquartered in Philadelphia, Pennsylvania, and owns, operates, and/or manages multiple dining locations throughout the State of Pennsylvania and the United States. Defendant employs Servers in Allentown, Pennsylvania and compensates these Servers with a sub-minimum wage for the hours they work. Plaintiff brings this collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), on behalf of himself and all Servers who work or have worked for Defendant in Allentown, Pennsylvania, and were paid a subminimum wage between September 11, 2020, and January 31, 2024. Defendant committed federal minimum wage violations because it failed to provide Servers with statutorily required tip notice and further required Servers to spend an impermissible amount of their shifts performing non-tipped work that did not require

the Servers to have customer interaction. Defendant further committed federal overtime wage violations because it failed to compensate Servers at the appropriate federal overtime rates when Servers worked in excess of 40 hours in a workweek. As a result, Plaintiff and all similarly situated Servers have been denied federal minimum and overtime wages and tips during various workweeks within the relevant time period.

## **PARTIES**

2. During all times material hereto, Plaintiff was a resident of Allentown, Pennsylvania, over the age of 18 years, and otherwise *sui juris*.

3. Plaintiff and the **FLSA putative collective members** are/were non-exempt Servers who worked for Defendant within the last three (3) years in the United States.

4. Plaintiff worked for Defendant as a tipped, non-exempt Server at for Defendant in Allentown, Pennsylvania from 2017 until on or about July 17, 2023.[1]

5. The proposed collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt Servers employed by Defendant in Allentown, Pennsylvania between September 11, 2020, and January 31, 2024.

6. Plaintiff seeks certification of the following collective under 29 U.S.C. § 216(b) for violations of the FLSA:

> **All Servers who worked for Defendant at Chickie's & Pete's in Allentown, Pennsylvania, and were paid a subminimum wage between September 11, 2020, and January 31, 2024.**

7. The precise size and identity of each should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of collective members in each collective includes about 17 Servers.

---

[1] Plaintiff worked at a Chickie's & Pete's restaurant managed and/or operated by Defendant at PPL Center which is located at 701 Hamilton Street in Allentown, Pennsylvania. Defendant maintained control and supervision over Plaintiff's work performed at this location and Defendant was responsible for Plaintiff's compensation and oversaw the unlawful pay policies and practices at issue.

8. During all times material hereto, Defendant, Ovations Food Services LP d/b/a Spectra Food Services & Hospitality ("Ovations") was a Pennsylvania company operating and transacting business within Allentown, Pennsylvania. Defendant, Ovations, is headquartered in the State of Pennsylvania and operates and employs Servers in several states throughout the country. Defendant, Ovations, may be served through its registered agent CT Corporation System, 600 N. 2nd Street #401, Harrisburg, PA 170101.

9. During all times material hereto, Defendant, Ovations, owned, operated, and/or controlled a restaurant in Allentown, Pennsylvania where they employed non-exempt Servers who were paid at a reduced sub-minimum wage.

10. Defendant, Ovations, was the "employer" of Plaintiff and all members of the putative Collectives as that term is defined by the FLSA and PMWA during all times pertinent to the allegations herein.

11. During all times material hereto, Defendant, Ovations, was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Allentown, Pennsylvania restaurant location.

12. Defendant, Ovations, implements and enforces uniform pay, tip, and time-keeping practices and policies from its Allentown, Pennsylvania location that apply to all Servers at the Allentown, Pennsylvania restaurant.

13. Plaintiff and putative collective members are/were non-exempt Servers.

14. Plaintiff and all putative collective members all suffered the same or substantially similar damages as a result of Defendant's willful violations of the FLSA during the previous three (3) years.

## JURISDICTION AND VENUE

15. This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendant.

16. The acts and/or omissions giving rise to this dispute took place within Allentown, Pennsylvania.

17. Defendant, Ovations, regularly transacts business in Allentown, Pennsylvania.

18. This action was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. *See* ECF 1.

19. On October 26, 2023, Defendant filed its Notice of Removal to this Honorable Court. *Id.*

20. Since the Court of Common Pleas of Allegheny County, Pennsylvania, is within this Court's District, jurisdiction is therefore proper. *Id.*

21. Venue is also proper within Pittsburgh, Pennsylvania. *Id.*

## FLSA COVERAGE

22. Defendant, Ovations, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant, Ovations, had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

23. During all time periods pertinent hereto, Defendant, Ovation's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, French fries, Corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, shrimp, beef, steak, potatoes, bread, hot sauce, BBQ sauce, cheese, buns, jalapenos, celery sticks, lobster broth, yellowfin tuna, plum tomatoes, cauliflower, avocados, taco shells, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

24. Defendant had annual gross revenue in excess of $500,000.00 in 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

## DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF TIP CREDIT

25. When Defendant hires Servers, it fails to provide sufficient notice of the tip credit under federal law.

26. More specifically, Defendant failed to provide Servers with the information required by 29 U.S.C. § 203(m), during the previous 3 years.

27. Nevertheless, during all times material hereto, Defendant attempted to claim a tip credit under federal law and paid Plaintiff and all other Servers a reduced sub-minimum wage.

28. Plaintiff and the Collective Members are entitled to recover at least the federal minimum wage for each hour spent performing work for Defendant within the past 3 years.

## DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS TO SPEND MORE THAN 20% OF THE WORKWEEK PERFORMING NON-TIPPED DUTIES AND SIDE WORK

29. Federal law prohibits employers from taking a tip credit when an employee performs tip supporting work (hereafter "side work") and non-tip generating duties for more than 20% of their workweek. *See Rafferty v. Denny's Inc.*, 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant Servers spend more than 20% of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[2] *Id.*

30. Defendant claimed a tip credit for all of Plaintiff's work, including during workweeks in which Plaintiff spent more than 20% of his time on non-tip producing duties and side work.

31. Upon information and belief, Defendant compensated Servers at a reduced hourly wage (below the federal minimum wage of $7.25 per hour) for their first forty (40) hours of work performed in each of the past 3 years.

32. During their employment period with the Defendant, Plaintiff and members of the putative collectives of Servers were assigned both "opening" shifts and "closing" shifts.

33. Prior to opening the restaurant, for a period of approximately one (1) continuous hour, Defendant claimed a tip credit for Plaintiff and all other Servers but required them to sweep the floors, refill sauce containers, refill ice machines, empty and refill the dishwasher, roll silverware, clean the restaurant,

---

[2] The maximum tip credit permissible under federal law is $5.12. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

- 5 -

set up tables, prepare serving stations, move furniture, scrub the floors, etc. During this set-up time, the restaurant was not open to the public and Servers could not earn tips.

34. When working the "closing" shift, Plaintiff and all other similarly situated Servers are required perform non-tipped side-work and duties at the end of his shifts after the restaurant is closed and all customers have left.

35. During closing shifts, Defendant attempted to claim a tip credit for Plaintiff and every other Server but required all Servers to perform side-work and non-tipped duties, including but not limited to, cleaning tables, sweeping, rolling silverware, scrubbing the floors, etc.; while Servers were not able to earn tips because the restaurant was closed to the public.

36. Throughout opening and closing shifts, Plaintiff and the putative collective members were required to perform the same "non-tipped" duties and side work as outlined in the preceding paragraphs.

37. At a minimum, Plaintiff and all other Servers spent more than 20% of their workweeks performing non-tipped duties and side work.

38. Plaintiff and the Collective Members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

## DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES PERFORMING NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

39. During all times material hereto, Defendant required Servers to arrive at opening shifts approximately one (1) hour before the restaurant was open to the public. During this time, Plaintiff and other Servers were performing side work and preparation duties but were nevertheless compensated a sub-minimum wage even though they were not performing any tip producing duties.

40. Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

41. Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

42. Plaintiff and the Collective Members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

43. Plaintiff and the putative collective members performed the same or substantially similar work for Defendant at its Allentown, Pennsylvania location, and were otherwise paid in an identical manner by Defendant.

44. During his employment, Plaintiff complained about the illegal practices outlined above; however, Defendant took no action to stop its illegal pay practices.

45. Although Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the putative collective members in accordance with federal law.

## **DEFENDANT UNLAWFULLY COMPENSATED PLAINTIFF AND ALL OTHER SERVERS BELOW THE APPROPRIATE FEDERAL OVERTIME PREMIUM WHEN SERVERS WORKED MORE THAN 40 HOURS IN A WORKWEEK**

46. During the past 3 years, Defendant required Plaintiff and all other similarly situated Servers to work more than 40 hours in a workweek.

47. However, Defendant failed to pay Plaintiff and all other similarly situated Servers the appropriate federal overtime premium when Servers worked more than 40 hours in a workweek.

48. Instead, Defendant calculated Plaintiff's and other Servers' overtime compensation rate by paying 1.5 times the *reduced hourly wage* instead of the full applicable minimum wage.

49. "Employers must pay employees who work more than forty hours per week 'at a rate of not less than one and one-half times the regular rate at which [they] [are] employed.'" *Acosta v. Las Margaritas, Inc.*, 2018 WL 6812370, at *4 (E.D. Pa. 2018) *citing* 29 U.S.C. 207(a)(1).

50. Moreover, the federal overtime rate of tipped employees is calculated on the full applicable state minimum wage. *See, e.g.*, *Virgin v. Escalante-Black Diamond Golf Club, LLC*, 2014 WL 12591472, at *2 (M.D. Fla. 2014) ("Overtime wages are calculated on the full minimum wage, not the lower direct cash wage payment").

51. Defendant's failure to pay proper overtime wages affected Plaintiff and several Servers who worked overtime hours within the past three years.

52. Plaintiff and the Collective Members are entitled to recover the full overtime premium owed when they worked over 40 hours in a workweek.

## COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (Tip Credit Notice)

53. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

54. Defendant attempted to claim a tip credit for Plaintiff and all other Servers it employed at its Allentown, Pennsylvania during the previous three (3) years, despite failing to provide Servers employees with statutory tip notice.

55. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers with requisite notice of the tip credit required under federal law.

56. Plaintiff and the putative collective of Servers were therefore entitled to receive full federal minimum wage of $7.25 per hour for every hour of work within the previous 3 years.

57. Defendant willfully failed to pay Plaintiff federal minimum wages, contrary to the FLSA.

58. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendant.

59. Defendant's willful and/or intentional violations of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, PARIS COOKS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, OVATIONS FOOD SERVICES LP d/b/a SPECTRA FOOD SERVICES & HOSPITALITY, and award Plaintiff, and the putative nationwide collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## **COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS** **(80/20)**

60. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

61. Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during his employment with Defendant.

62. Defendant attempted to rely on the FLSA's tip credit but unlawfully required Servers to spend more than 20% of their workweeks performing non-tipped duties that did not require customer interaction.

63. Plaintiff seeks to recover these federal minimum wages and tips under 29 U.S.C. § 216(b) for himself and the Collective for Defendant's violation of federal law.

64. Defendant knew Plaintiff was a non-exempt, tipped employee but willfully failed to pay Plaintiff in accordance with the FLSA.

65. As a direct and proximate result of Defendant's unlawful pay practices, Plaintiff has been damaged in the loss of federal minimum wages and tips for one or more weeks of work during his employment with Defendant.

66. Defendant's willful and/or intentional violations of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, PARIS COOKS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, OVATIONS FOOD SERVICES LP d/b/a SPECTRA FOOD SERVICES & HOSPITALITY, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT III – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (Substantial Side Work)

67. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

68. Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during his employment with Defendant.

69. Defendant attempted to rely on the FLSA's tip credit but after December 28, 2021, Defendant unlawfully required Servers to spend more than 30 continuous minutes of one or more shifts performing non-tipped duties that did not require customer interaction.

70. This was most evident when Defendant required Plaintiff to report to the restaurant at least one (1) hour before the restaurant opened to the public to perform non-tipped side work that did not require customer interaction. Defendant compensated Plaintiff at a sub-minimum wage when Plaintiff performed this work for more than 30 continuous minutes.

71. Plaintiff seeks to recover federal minimum wages under 29 U.S.C. § 216(b) for himself and the Collective for Defendant's failure to pay Plaintiff and the putative collective in accordance with federal law.

72. Defendant knew Plaintiff was a non-exempt, tipped employee but willfully failed to pay Plaintiff in accordance with the FLSA.

73. As a direct and proximate result of Defendant's unlawful pay practices, Plaintiff has been damaged in the loss of federal minimum wages and tips for one or more weeks of work during his employment with Defendant.

74. Defendant's willful and/or intentional violations of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, PARIS COOKS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, OVATIONS FOOD SERVICES LP d/b/a SPECTRA FOOD SERVICES & HOSPITALITY, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
**(Federal Overtime)**

75. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

76. Plaintiff was entitled to be paid federal overtime wages in one or more workweeks for certain hours worked during his employment with Defendant.

77. Defendant attempted to rely on the FLSA's tip credit but unlawfully compensated Servers below the appropriate federal overtime premium when Servers worked more than 40 hours in a workweek.

78. For example, during the two-week pay period of October 21, 2021, through November 3, 2021, Plaintiff worked more than 40 hours in at least one of those workweeks. However, Plaintiff was not compensated 1.5 times the applicable federal and/or state minimum wage of $7.25 per hour for the hours he worked over 40.

79. Plaintiff was entitled to receive **$10.88** for each overtime hour he worked or **$5.75** per overtime hour if the Defendant was entitled to take a tip credit.

80. However, Defendant failed to compensate Plaintiff at either of these overtime rates as evidenced by his paystub below:



81. Instead, the Defendant compensated Plaintiff $4.25 per hour for each hour worked over 40 in violation of the FLSA. Defendant's compensation of Plaintiff was based off of 1.5 times the *reduced* wage instead of 1.5 times the full applicable minimum wage less the tip credit Defendant attempted to take.

82. Defendant applied this unlawful overtime pay policy to all of its Servers throughout the United States and enforced these policies from its headquarters in Philadelphia, Pennsylvania.

83. Plaintiff seeks to recover these federal overtime wages under 29 U.S.C. § 216(b) for himself and the Collective for Defendant's failure to pay Plaintiff and the putative collective in accordance with federal law.

84. Defendant knew Plaintiff was a non-exempt, tipped employee but willfully failed to pay Plaintiff in accordance with the FLSA's overtime provisions.

85. As a direct and proximate result of Defendant's unlawful pay practices, Plaintiff has been damaged in the loss of federal overtime wages for one or more weeks of work during his employment with Defendant.

86. Defendant's willful and/or intentional violations of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, PARIS COOKS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, OVATIONS FOOD SERVICES LP d/b/a SPECTRA FOOD SERVICES & HOSPITALITY, and award Plaintiff, and the putative collective: (a) unliquidated federal overtime wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court deems just and reasonable under the circumstances.

Date: June 24, 2024.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida
Ph: (954) 871-0050
*Co-Counsel for Plaintiff*

By: */s/ Jordan Richards*
Jordan Richards, Esquire
Pro Hac Vice – Florida Bar No. 108372
Jordan@JordanRichardsPLLC.com

**QUINN LOGUE LLC**
200 First Avenue, Third Floor
Pittsburgh, Pennsylvania 15222
Ph: (412) 765-3800
*Co-Counsel for Plaintiff*

By: */s/ Matthew Logue*
Matthew Logue, Esquire
Pa. ID No. 87416
Matt@QuinnLogue.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing motion was filed through CM/ECF this 27th day of June 2024 and served on the counsel listed below.

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

DANIEL F. THORNTON, ESQ.
PA Bar No. 318431
Daniel.Thornton@jacksonlewis.com
STEPHANIE J. PEET
PA Bar No. 91744
Stephanie.Peet@jacksonlewis.com
JACKSON LEWIS P.C.
1601 Cherry Street Suite 1350
Philadelphia, PA 19102
Tel: (267) 319-7802
*Counsel for Defendant*

MARLA N. PRESLEY, ESQ.
PA Bar No. 91020
Marla.Presley@jacksonlewis.com
JACKSON LEWIS P.C.
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Tel: (412) 232-040
*Counsel for Defendant*

MATTHEW LOGUE, ESQ.
matt@quinnlogue.com
TYLER SETCAVAGE, ESQ.
tyler@quinnlogue.com
QUINN LOGUE LLC
200 First Ave. Third Floor
Pittsburgh, PA 15222
*Co-Counsel for Plaintiffs*

Case 2:23-cv-01858-NR    Document 38    Filed 06/27/24    Page 15 of 15